1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  GREGORY R. SCOTT and ROBERT L. COX, | CASE NO. 10-CV-699-H (NLS) |
| 12                  Plaintiffs/Petitioners, | **ORDER** |
| 13         vs. | **(1) GRANTING MOTION TO DISMISS;** |
| 14 | **AND** |
| 15  THE CITY OF SAN DIEGO and DOES 1-10 inclusive, | **(2) REMANDING THE CASE** |
| 16                  Defendants/Respondents. | |

17

18        On April 9, 2010, Defendant City of San Diego filed a motion to dismiss Plaintiffs'

19   inverse condemnation and section 1983 claims.  (Doc. No. 3.)  On April 26, 2010, Plaintiffs

20   filed their response in opposition to the motion to dismiss.  (Doc. No. 4.)  On May 3, 2010,

21   Defendant filed its reply.  (Doc. No. 5.)  On May 4, 2010, the Court submitted this matter on

22   the parties' papers.  (Doc. No. 6.)  For the following reasons, the Court now GRANTS

23   Defendant's motion to dismiss Plaintiffs' inverse condemnation and section 1983 claims.

24                                   **Background**

25        On March 8, 2010, Plaintiffs Gregory R. Scott and Robert L. Cox filed a complaint

26   against Defendant City of San Diego in the San Diego Superior Court, alleging causes of

27   action for (1) writ of administrative mandate pursuant to California Code of Civil Procedure

28

1  section 1094.5; (2) inverse condemnation; (3) procedural due process under 42 U.S.C. § 1983.

2  (Doc. No. 1, Ex. 1, Compl.)  Plaintiffs allege that they are owners of the property located at

3  4304 Ridgeway Drive, San Diego, CA ("the Property").  (Compl. ¶ 5.)  Plaintiffs allege that

4  in 1995, they purchased the Property and built a patio, pool and spa area abutting the canyon

5  on the Property.  (Id.)  Plaintiffs further allege that in July 2008, they hired a licensed

6  contractor to build a fully permitted deck off their patio.  (Id. ¶ 6.)  Plaintiffs allege that on or

7  about July 18, 2008, an inspector from the City of San Diego ("the City") visited the Property

8  and delivered a "voluntary compliance" letter to Plaintiffs indicating that the deck was not

9  properly permitted.  (Id. ¶ 7.)  Plaintiff allege that from that point on, all work on the project

10  ceased immediately, and Plaintiffs fully cooperated and followed all instructions provided to

11  them by the City.  (Id. ¶ 12.)  Plaintiffs allege that on September 5, 2008, Plaintiffs received

12  a letter called "Notice of Violation and Order"  (the "September Notice").  (Id.)  The

13  September Notice gave Plaintiffs two options: (1) to restore the site to its original condition,

14  or (2) to develop the site in conformance with Municipal Code requirements.  (Id.)  Plaintiffs

15  allege that they elected the second option, timely notified the City of their election, and

16  arranged to obtain an erosion control plan ("ESP") as required by that option.  (Id.)  Plaintiffs

17  allege that the ECP was implemented immediately after the City approved it on or about

18  October 13, 2008.  (Id.)

19       Plaintiffs allege that despite following the September Notice instructions, on November

20  6, 2008 Plaintiffs received a Notice of Violation and Order (the "November Notice"), which

21  indicated that Plaintiffs failed to comply with the September Notice.  (Id. ¶ 13.)  The

22  November Notice also informed Plaintiffs of the civil penalty hearing set for November 19,

23  2008.  (Id.)  Plaintiffs allege that at the November 19, 2008 hearing they discovered that they

24  could be fined as much as $2500 per day for up to four months, not to exceed $250,000, and

25  that the fine could be collected by placing a lien on their Property.  (Id.)  The civil penalty

26  hearing was rescheduled to allow Plaintiffs to retain counsel.  (Id.)

27       Plaintiffs allege that on December 3, 2009, after three days of hearings, an

28  administrative hearing officer issued a Civil Penalties Administrative Enforcement Order,

1  finding that Plaintiffs violated the San Diego Municipal Code, and ordered Plaintiffs to pay

2  $22,500 in penalties and an additional $2,532.45 in administrative costs.  (Id. ¶ 8.)  Plaintiffs

3  allege that the hearing officer suspended $12,500 of the fines on condition that Plaintiffs

4  submit restoration plans to remove deck and obtain a grading permit.  (Id. ¶ 9.)  Plaintiffs

5  allege that at the civil penalty hearing the City informed Plaintiff's designer that Plaintiffs

6  could not build a deck abutting the canyon on their property, and could not "play in, use or

7  even spit in" the canyon property they own.  (Id. ¶ 16.)  Plaintiffs allege that on December 8,

8  2009, the City served Plaintiffs with the Civil Penalties Administrative Enforcement Order by

9  letter.  (Id. ¶ 17.)  The Order informed Plaintiffs that they must seek a writ within 90 days of

10  the date of the letter.

11       On March 8, 2010, Plaintiffs commenced this action.  Plaintiffs allege that the

12  Administrative Enforcement Order is not supported by the facts, findings or evidence, is

13  unreasonable, and constitutes an abuse of discretion.  (Compl. ¶ 11.)  Plaintiffs allege that

14  because the City selects trains, instructs and pays hearing officers, their decisions favor the

15  City.  Plaintiffs allege that the City's reliance on such hearing officers denies Plaintiffs and

16  other property owners civil rights guaranteed by the U.S. and California Constitutions,

17  specifically, the right to procedural due process.  (Id. ¶ 36.)  On April 2, 2010, Defendant City

18  removed this action to federal court on the basis of federal question jurisdiction.  (Doc. No. 1.)

19  The City now moves to dismiss Plaintiff's procedural due process and inverse condemnation

20  claims.  (Doc. No. 3.)

21                                   **Discussion**

22  **I.  Motion to Dismiss - Legal Standard**

23       A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests

24  the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729,

25  732 (9th Cir. 2001).  A complaint generally must satisfy only the minimal notice pleading

26  requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule

27  12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires that

28  a pleading stating a claim for relief contain "a short and plain statement of the claim showing

1  that the pleader is entitled to relief."  The function of this pleading requirement is to "'give the

2  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

4  47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

5  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement

6  to relief' requires more than labels and conclusions, and a formulaic recitation of the elements

7  of a cause of action will not do."  Id.  A complaint does not "suffice if it tenders 'naked

8  assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

9  (2009) (quoting id. at 557).  "Factual allegations must be enough to raise a right to relief above

10  the speculative level."  Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal

11  Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  "All allegations of material fact

12  are taken as true and construed in the light most favorable to plaintiff.  However, conclusory

13  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

14  failure to state a claim."  Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see

15  also Twombly, 550 U.S. at 555.

16  **II.  Procedural Due Process**

17  To state a § 1983 claim, Plaintiffs must allege facts that establish deprivations, by a

18  person acting under color of state law, of rights, privileges or immunities secured by the

19  Constitution.  Butler v. Elle, 281 F.3d 1014, 1021 (9th Cir. 2002).  Due process requires notice

20  and an opportunity to be heard.  G & G Fire Sprinklers, Inc. v. Bradshaw, 156 F.3d 893, 903

21  (9th Cir.1998).  A due process claim under § 1983 is not cognizable when a state's

22  post-deprivation remedies are adequate to protect a plaintiff's procedural due process rights.

23  See Lake Nacimiento Ranch Co. v. County of San Luis Obispo, 841 F.2d 872, 878 (9th

24  Cir.1987).

25  Defendant City moves to dismiss Plaintiffs' section 1983 procedural due process claim.

26  The City argues that section 1983 claim is barred, because California state law offers an

27  adequate  remedy pursuant to a writ of mandate under California Code of Civil Procedure

28  section 1094.5. (Doc. No. 3-1 at 10.) In their response in opposition, Plaintiffs do not address

1   the issue of whether their due process claim is cognizable or properly pled.  Instead, Plaintiffs

2   argue that the Court should abstain from exercising its jurisdiction over the case, because the

3   "bulk of the claims" involve issues of state law.  (Doc. No. 4 at 3-4.)  Plaintiffs also ask the

4   Court to postpone the ruling on Defendant's motion until Plaintiffs had sufficient time to seek

5   remand to state court.  (Id. at 4.)  The Court concludes that Plaintiffs' due process claim under

6   § 1983 is not cognizable, because a writ of administrative mandate under Cal. Code Civ. P. §

7   1094.5 is an adequate state law post-deprivation remedy available to Plaintiffs in order to

8   determine whether Plaintiffs received a fair hearing.  See Lake Nacimiento Ranch Co., 841

9   F.2d at 878.  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' due

10   process claim under section 1983.[1]

11   **III.  Inverse Condemnation**

12      The Fifth Amendment guarantees that private property shall not "be taken for public

13   use without just compensation."  Agins v. Tiburon, 447 U.S. 255, 260 (1980).  Although

14   property may be regulated to a certain extent, "if regulation goes too far it will be recognized

15   as a taking."  First Evangelical Lutheran Church v. Los Angeles County, 482 U.S. 304, 316

16   (1987).  A taking may be found without any physical invasion where "'a public entity acting

17   in furtherance of a public project directly and substantially interferes with property rights and

18   thereby significantly impairs the value of property....'"  Martino v. Santa Clara Valley Water

19   Dist., 703 F.2d 1141, 1147 (9th Cir. 1983) (quoting Richmond Elks' Hall Ass'n v. Richmond

20   Redevelopment Agency, 561 F.2d 1327, 1330 (9th Cir.1977)).  However, a regulation that

21   adversely affects property values does not constitute a taking unless it destroys a major portion

22   of the property's value.  See Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470,

23   496, 498 (1987).  An essential prerequisite to asserting a regulatory takings claim is a "final

24   and authoritative determination of the type and intensity of development legally permitted on

25   the subject property."  MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 348

26   (1986).  A takings claim is ripe when: (1) "the government entity charged with implementing

27

28   [1]The Court need not conclude as to whether Plaintiffs state a cognizable due process
    claim under state law.

1  the regulations has reached a final decision regarding the application of the regulations to the

2  property at issue," and (2) the plaintiff "seek[s] compensation through the procedures the State

3  has provided," unless doing so would be futile.  Williamson County Regional Planning

4  Commission v. Hamilton Bank, 473 U.S. 172, 186-87 (1985).  The final decision requirement

5  ensures that a concrete case or controversy exists, as "[a] court cannot determine whether a

6  regulation goes 'too far' unless it knows how far the regulation goes."  Palazzolo v. Rhode

7  Island, 533 U.S. 606, 621-22 (2001) (quoting MacDonald, Sommer & Frates, 477 U.S. at 348).

8  Defendant City moves to dismiss Plaintiffs' inverse condemnation claim on the basis

9  that the claim is not ripe.  (Doc. No. 3-1 at 6-7.)  The City points out that Plaintiffs never

10  applied for a development permit prior to construction of the deck, and the Civil Penalties

11  Administrative Enforcement Order in this case did not involve a hearing regarding a denial of

12  a site development permit.  (Id. at 7.)

13  Here, Plaintiffs began construction of the deck in July 2008. (Compl. ¶ 6.)  Plaintiffs

14  do not allege that they applied for a development permit from the City prior to July 2008, or

15  at any time leading up to this litigation.   Without submitting an application for site

16  development permit and receiving a denial of such application from the City, Plaintiffs cannot

17  demonstrate that they received a final decision from the land use authority regarding

18  application of the challenged land use regulation to its property.  MacDonald, Sommer &

19  Frates, 477 U.S. at 348.  Accordingly, the Court concludes that Plaintiffs cannot state a

20  cognizable claim for inverse condemnation under federal law,[2] and GRANTS Defendant's

21  motion to dismiss Plaintiffs' inverse condemnation claim to the extent it relies on federal law.

22  **IV.  Subject Matter Jurisdiction over Plaintiffs' Complaint**

23  After dismissal of Plaintiffs' section 1983 and inverse condemnation claims, there

24  remains against Defendant a state claim for writ of administrative mandate under Cal. Code

25  Civ. P. § 1094.5.  A court may decline to exercise supplemental jurisdiction over state law

26  claims if the district court has dismissed all claims over which it has original jurisdiction.  28

27  U.S.C. § 1367.  "In the usual case in which all federal-law claims are eliminated before trial,

28

---

[2] The Court need not decide whether Plaintiffs can state their inverse condemnation claim under California law.

10cv699

1   the balance of factors to be considered under the pendent jurisdiction doctrine--judicial

2   economy, convenience, fairness, and comity–will point toward declining to exercise

3   jurisdiction over the remaining state-law claims." United Mine Workers of America v. Gibbs,

4   383 U.S. 715, 726 (1966);  Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir.1986) ("[I]t is

5   within the district court's discretion, once the basis for removal jurisdiction is dropped,

6   whether to hear the rest of the action or remand it to the state court from which it was

7   removed."). Having dismissed Plaintiffs' federal question claims and finding no diversity

8   jurisdiction in the complaint, the Court declines to exercise supplemental jurisdiction over

9   Plaintiffs' remaining state law claim, and remands the case.

10                                          **Conclusion**

11         For the reasons above, the Court GRANTS Defendant's motion to dismiss Plaintiffs'

12   inverse condemnation and section 1983 claims.  The Court declines to exercise supplemental

13   jurisdiction over Plaintiffs' state law claim, and remands the case to the Superior Court of the

14   State of California for the County of San Diego.

15         **IT IS SO ORDERED.**

16   DATED: May 26, 2010

17   _____

18                                     MARILYN L. HUFF, District Judge
                                       UNITED STATES DISTRICT COURT

19

20

21

22

23

24

25

26

27

28

10cv699